Jackalin S. WILLIAMS, Plaintiff—
Appellant,

v.

CAROLINA HEALTHCARE SYSTEM,
INCORPORATED, Defendant—
Appellee,

and

Susanne Thomason, RN, Assistant Director; Angela Humphrey, Director; Sherry Laurent, Director, Medical Affairs, Defendants.

No. 11–1394.

United States Court of Appeals,
Fourth Circuit.

Submitted: Sept. 29, 2011.

Decided: Nov. 1, 2011.

---

* Bethea consented to the exercise of jurisdiction by the magistrate judge, as permitted by 28 U.S.C. § 636(c) (2006).

Jackalin S. Williams, Appellant Pro Se. Matthew E. Orso, Kevin V. Parsons, Smith, Parsons & Vickstrom, PLLC, Charlotte, North Carolina, for Appellee.

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jackalin S. Williams appeals the district court's order granting summary judgment to her former employer, Carolina Healthcare System, Inc. ("Carolina Healthcare"), on her claims of race-based discrimination. We affirm.

This court reviews de novo a district court's order granting summary judgment, viewing the facts and drawing reasonable inferences therefrom in the light most favorable to the non-moving party. *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir.2011). Summary judgment may be granted only when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." (internal quotation marks omitted)). For a non-moving party to present a genuine issue of material fact, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." *Thompson v. Poto-*

*mac Elec. Power Co.,* 312 F.3d 645, 649 (4th Cir.2002) (internal quotation marks omitted).

■ Williams first claims that Carolina Healthcare acted discriminatorily by failing to promote her. To establish a prima facie case of failure to promote under Title VII, Williams was required to show that: (1) she is a member of a protected group; (2) she applied for the position in question; (3) she was qualified for the position; (4) she was rejected; and (5) the position remained open or was filled by similarly qualified applicants outside the protected class. *Page v. Bolger,* 645 F.2d 227, 229–30 (4th Cir.1981). Upon a satisfactory prima facie showing, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Hill v. Lockheed Martin Logistics Mgmt., Inc.,* 354 F.3d 277, 285 (4th Cir.2004). If this burden is met, the burden returns to the employee to demonstrate that the given reason was but a "pretext for discrimination." *Id.*

The district court found that Williams set forth a prima facie case of discrimination, but that she failed to overcome the non-discriminatory reasons for her non-promotion. We agree that Williams has failed to demonstrate the pretext in Carolina Healthcare's proffered reasons for its promotion decision. Although the promoted employee was preselected for the position, preselection does not, in itself, demonstrate racial discrimination. *Blue v. United States Dep't of the Army,* 914 F.2d 525, 541 (4th Cir.1990). Title VII does not require fairness or the promotion of the most qualified candidate; it only prohibits discrimination. *Id.* The arguments raised by Williams on appeal are likewise unconvincing or were not raised before the district court.

■ Williams also brought a claim of discrimination in compensation. In order for Williams to establish a prima facie case under Title VII for unequal compensation, she must show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action with respect to compensation; and (4) that similarly-situated employees outside the protected class received more favorable treatment." *White v. BFI Waste Servs., LLC,* 375 F.3d 288, 295 (4th Cir.2004). The district court found that Williams failed to demonstrate that she was similarly-situated to the employees to whom she compared herself. We find no reversible error in the district court's analysis or its denial of Williams' unequal pay claim.

■ Williams' final claim was that she was discriminatorily denied the benefit of working from home. Williams acknowledged, however, that she could not accomplish her job duties remotely at the time she requested to work from home. We agree with the district court's finding that Williams failed to set forth a cognizable claim of discrimination.

Accordingly, we affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*